SUMMARY ORDER

Appellant Enid Ashby, pro se, appeals the district court dismissal of her 42 U.S.C. § 1983 complaint for lack of subject matter jurisdiction pursuant to the Rook-er-Feldman doctrine. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
*21 We review de novo a district court’s dismissal pursuant to the Rooker-Feld-man doctrine. See Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 83 (2d Cir.2005). Under that doctrine, lower federal courts lack subject matter jurisdiction over claims that effectively challenge state-court judgments. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486-87, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Based on the Supreme Court’s decision in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), we have set forth four requirements for the application of Rooker-Feld-man: (1) “the federal-court plaintiff must have lost in state court;” (2) “the plaintiff must ‘complaint ] of injuries caused by [a] state-court judgment;’ ” (3) “the plaintiff must ‘invit[e] district court review and rejection of [that] judgment;’ ” and (4) “the state-court judgment must have been ‘rendered before the district court proceedings commenced.’ ” See McKithen v. Brown, 481 F.3d 89, 97 (2d Cir.2007) (alterations in original) (quoting Hoblock, 422 F.3d at 85).
Here, the district court properly dismissed Ashby’s complaint under Rooker-Feldman. The record clearly shows that: (1) Ashby lost in New York state court; (2) the underlying injury she complained of was the foreclosure on her property caused by the state court order; (3) she challenged the validity of that proceeding, and requested that the district court find that the state court order was unconstitutional; and (4) she filed her complaint after the state court order had been entered. Accordingly, because all four factors were satisfied, the district court lacked subject matter jurisdiction over Ashby’s complaint.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.